IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON ADAM FREW, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 07-CV-718-TCK-FHM |
| | ) |
| DONNA LAYMON, Warden, | ) |
| | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 8). Petitioner, a state inmate appearing *pro se*, did not file a response to the motion to dismiss. Respondent seeks dismissal of this action under 28 U.S.C. § 2244(d), as amended by the Antiterrorism and Effective Death Penalty Act ("AEDPA") (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the petition was not timely filed. Respondent's motion to dismiss shall be granted and the petition for writ of habeas corpus, as amended, shall be dismissed with prejudice.

*BACKGROUND*

Petitioner challenges his conviction entered in Tulsa County District Court, Case No. CF-2004-3862. See Dkt. #s 1 and 4. The docket sheet provided by Respondent reflects that on March 14, 2005, the state district court found Petitioner guilty after accepting his pleas of *nolo contendere* to Possession of Firearm After Former Conviction of a Felony (Count 1), Driving Under Suspension (Count 2), Driving Without Owner's Security Verification (Count 3), and Failure to Stop for Stop Sign (Count 4). See Dkt. # 9, Ex. 1 at page 6 of 12. On that date, Petitioner was sentenced to twelve

(12) years imprisonment on Count 1, to served concurrently with a sentence entered in Case No. CF-2004-546. Id. Orders of release were issued as to Counts 2, 3, and 4, based on credit for time served. Id. Petitioner did not file a motion to withdraw plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See id.

On May 23, 2005, Petitioner filed a motion for judicial review. Id. at page 10 of 12. On February 27, 2006, after holding a hearing, the trial court denied the motion for judicial review. Id. at page 11 of 12.

On February 14, 2007, Petitioner filed a motion to modify judgment and sentence, seeking relief pursuant to Okla. Stat. tit. 22, §§ 1080-1089. See Dkt. # 4, attachment. Entries made on the trial court docket sheet reflect that an order denying the motion to modify judgment and sentence was filed on May 9, 25, and 29, 2007. See Dkt. # 9, Ex. 1 at page 11 of 12. On June 25, 2007, Petitioner filed a petition in error at the OCCA. (Dkt. # 9, Ex. 2). By Order filed July 12, 2007, in Case No. PC-2007-655 (Dkt. # 9, Ex. 3), the OCCA dismissed the attempted post-conviction appeal based on Petitioner's failure to provide a sufficient record for the state appellate court's review.

On May 4, 2007, Petitioner filed a petition for writ of mandamus at the OCCA. See www.oscn.net. That petition, assigned Case No. MA-2007-439, was dismissed as moot on June 6, 2007. Id.

Petitioner commenced this habeas corpus action on December 26, 2007. See Dkt. # 1. Pursuant to the Court's directive (Dkt. # 3), Petitioner filed an amended petition (Dkt. # 4) on January 28, 2008.

*ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

Application of the provisions of § 2244(d)(1)(A) to the instant case leads to the conclusion that this habeas petition was filed after the expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his *nolo contendere* pleas in Case No. CF-2004-3862, his conviction became final, pursuant to § 2244(d)(1)(A), ten (10) days after pronouncement of his Judgment and Sentence, or on March 24, 2005. See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10)

3

days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty or *nolo contendere*). As a result, his one-year limitations clock for any claim challenging his convictions, including the claims raised in the instant petition, began to run on March 24, 2005. Absent a tolling event, a federal petition for writ of habeas corpus filed after March 24, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro, 150 F.3d at 1226, Petitioner did not seek any post-conviction relief during the relevant period. Although the application for judicial review was filed on May 23, 2005, or before the limitations deadline, it was not a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n. 2 (10th Cir. 2005) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)). Next, even if Petitioner's later filings qualify as collateral challenges to his conviction and sentence, none serves to toll the one-year limitations period because each was filed after the limitations period had already expired. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, none of Petitioner's state court pleadings filed after the limitations deadline of March 24, 2006, tolled the limitations period. Therefore, this action, commenced on December 26, 2007, appears to be

untimely.

Petitioner failed to file a response to Respondent's motion to dismiss. In his amended petition, however, Petitioner explains that his petition should not be time-barred because "I am a simple layperson without knowledge of law and I did not have access to a law library or assistance in preparation." See Dkt. # 4 at ¶ 18. The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling, where extraordinary circumstances beyond the prisoner's control prevent him from timely filing his petition, but the prisoner must demonstrate he has diligently pursued his claims to avail himself of equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Petitioner has not met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808 (stating that AEDPA's statute of limitations is subject to equitable tolling in "rare and exceptional circumstances"). The Court finds Petitioner's vague and conclusory statements concerning his lack of legal knowledge and his lack of access to legal assistance or a law library are insufficient to demonstrate entitlement to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]t is well established that 'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'") (citations omitted); Miller, 141 F.3d at 978. Petitioner has failed to demonstrate that his inability to file his habeas petition within the one-year period was due to extraordinary circumstances beyond his control. Gibson, 232 F.3d at 808. Furthermore, Petitioner has not demonstrated that he pursued his federal claims diligently. As a result, the Court concludes that this action is time-barred. Respondent's motion to dismiss shall be granted and Petitioner's petition for writ of habeas corpus, as amended, shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 8) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 1), as amended (Dkt. # 4), is **dismissed with prejudice**.

3. A separate Judgment shall be entered in this case.

DATED THIS 18th day of July, 2008.

TERENCE KERN
UNITED STATES DISTRICT JUDGE